IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATIONAL FONDS, Netherlands associations,<br><br>Plaintiffs,<br><br><br><br><br>vs.<br><br><br>PARK CITY MUNICIPAL CORPORATION, EAST WEST PARTNERS, and UNITED PARK CITY MINES CO., a Delaware corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO AMEND AND GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br><br>Case No. 2:05-CV-525 TS |

This matter came before the Court for oral argument on a number of motions on April 10, 2006. For the reasons stated at the hearing, the Court denied United Park City Mines' ("United") Motions to Strike. The Court also denied United's Motion for Sanctions. The Court heard argument on, and took under advisement, Plaintiffs' Motion to Amend and Defendants' Motion to Dismiss. For the reasons stated below, the Court will deny Plaintiffs' Motion to Amend and will grant Defendants' Motion to Dismiss.

1

I. BACKGROUND

In their Complaint, Plaintiffs allege that they are owners of land called the Marsac Lode in Park City, Utah.  This land has been included in an eighty-four acre development zone called the Mountain Village.  The rest of the land in the Mountain Village belongs to United or East West Partners.  Previously, the Mountain Village has been accessible by State Road 224 ("SR 224").  In 2002, Plaintiffs allege that United relocated SR 224 so that it now bisects Plaintiffs' land, severing the southeastern two acres from the rest of the land.  United then dedicated SR 224 to the Utah Department of Transportation ("UDOT").  Plaintiffs state that they are in negotiations with UDOT regarding acquisition of title to maintain SR 224.  As a result of this new construction of SR 224, Plaintiffs allege that the southeast portion of their land is inaccessible, except through the property of United.

On May 25, 2005, the Park City Planning Commission, over Plaintiffs' objections, approved the subdivision of United's land adjoining Plaintiffs' land on the southeast.  This subdivision is known as the Village at Empire Pass (Pod A) West Side.  On May 26, 2005, the City Council of Park City, again over the objections of Plaintiffs, approved that subdivision.  As a result, Plaintiffs allege that their land has been rendered inaccessible and they are unable to develop it.  Plaintiffs allege violations of § 15-7.3-4 of the Park City Land Management Code[1] and § 10-9-405(2) of Utah Code Annotated.[2]  Plaintiffs seek a declaratory judgment that Park

---

[1] "Proposed Streets shall be extended to the boundary lines of the tract to be subdivided, unless prevented by topography or other physical conditions, or unless in the opinion of the Planning Commission such an extension is not necessary for the coordination of the layout of the Subdivision with the existing layout of the most advantageous future development of adjoining tracts."

[2] "The legislative body shall ensure that the regulations are uniform for each class or kind of buildings throughout each zoning district, but the regulations in one zone may differ from

City's approval of United's Village at Empire Pass (Pod A) West Side Subdivision violated Plaintiffs' rights under the above-named provisions.

## II. PLAINTIFFS' MOTION TO AMEND

Plaintiffs have filed a Motion to Amend their Amended Complaint. They seek to add claims that Defendants' actions violate Section 1 of the 14th Amendment and Sections 7 and 24 of Article 1 of the Utah Constitution. Plaintiffs also seek to add a claim for damages in the amount of $2.5 million. They do so in an apparent attempt to bolster their claim that this Court should exercise jurisdiction over this matter. The Court is not persuaded. For the reasons discussed below, the Court will abstain and will dismiss Plaintiffs' Amended Complaint without prejudice to its filing in state court. Plaintiffs proposed amendments do not change this outcome. Therefore, Plaintiffs' Motion to Amend is denied.

## III. DEFENDANTS' MOTION TO DISMISS[3]

Although not styled as such, the Court finds that Defendant United's Motion to Dismiss is better considered a Motion for Abstention under *Burford v. Sun Oil Co.*[4] "Abstention from the exercise of federal jurisdiction is the exception, not the rule."[5] "*Burford*-type abstention is

---

those in other zones."

[3]Defendant United has filed a Motion to Dismiss in which Defendants Park City and East West Partners have joined. The Court will refer to these Motions as a single Motion to Dismiss.

[4]319 U.S. 315 (1943). Plaintiffs argue that abstention is inappropriate and direct the Court to the case of *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). That case, however, does not address abstention under *Burford*, but rather another abstention doctrine found in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) and *Colorado River Water Conservation Dist. v. United States*, 242 U.S. 800 (1976). Therefore, *Wilton* is inapposite here.

[5]*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

3

deference by a federal court in order to avoid needlessly interfering in state activities."[6]  The

Supreme Court has stated that

> *Burford* allows a federal court to dismiss a case only if it presents difficult
> questions of state law bearing on policy problems of substantial import whose
> importance transcends the results in the case then at bar or if its adjudication in a
> federal forum would be disruptive of state efforts to establish a coherent policy
> with respect to a matter of substantial public concern.[7]

"Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the

federal interest in retaining jurisdiction over the dispute and the competing concern for the

independence of state action, that the State's interests are paramount and that a dispute would

best be adjudicated in a state forum."[8]  "This equitable decision balances the strong federal

interest in having certain classes of cases, and certain federal rights, adjudicated in federal court,

against the State's interest in maintaining uniformity in the treatment of an essentially local

problem."[9]

  In *Burford*, the Supreme Court considered whether a federal court should have

entertained an action attacking the validity of an order of the Texas Railroad Commission

granting Burford a permit to drill certain oil wells.[10]  The state's scheme for regulating oil and

gas drilling was extremely complex and, in an effort to avoid confusion, the state legislature

---

[6]*Walker Operating Corp. v. F.E.R.C.*, 874 F.2d 1320, 1330 (10th Cir. 1989).

[7]*Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726–27 (1996) (internal quotations omitted).

[8]*Id*. at 728 (internal quotation marks and citations omitted).

[9]*Id*. (internal quotation marks and citations omitted).

[10]319 U.S. at 316–17.

limited initial review of a decision by the Texas Railroad Commission to a single district court.[11] As a result of the system that the state had established, the Court held that federal courts should abstain from hearing cases challenging orders of the Texas Railroad Commission.[12]

Here, the state has set up a complex and comprehensive set of land use regulations under Utah's Municipal Land Use Development Management Act ("MLUDMA").  Part of the MLUDMA establishes a process whereby a party aggrieved by a municipal planning or zoning decision may file a petition for review with the district court.[13]  Since this is a state statute, the Court finds that the reference to "district court" in this statute is to a state district court, not a federal district court.

Additionally, land use and zoning laws are quintessential areas of state and local concern.[14]  As the numerous cases cited by United indicate, federal courts should be wary of entering into local land use disputes and should not sit as a zoning board of appeal.[15]  Because of these considerations, any adjudication of these issues in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.[16]

---

[11] *Id*. at 318–26.

[12] *Id*. at 333–34.

[13] Utah Code Ann. § 10-9a-801(2)(a).

[14] *F.E.R.C. v. Mississippi*, 456 U.S. 742, 768 n.30 (1982).

[15] *Norton v. Village of Corrales*, 103 F.3d 928, 930 (10th Cir. 1996); *Spence v. Zimmerman*, 873 F.2d 256, 262 (11th Cir. 1989); *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 467 (7th Cir. 1988); *Creative Environments, Inc. v. Estabrook*, 680 F.2d 822, 832 n.9 (1st Cir. 1982); *Construction Indus. Ass'n of Sonoma County v. City of Petaluma*, 522 F.2d 897, 906 (9th Cir. 1975).

[16] *Quakenbush*, 517 U.S. at 726–27.

After careful consideration of the federal and state interests at issue here, the Court finds that the state's interests are paramount and that this dispute would best be adjudicated in a state forum.[17] Therefore, the Court will invoke the doctrine of abstention under *Burford* and dismiss this case without prejudice to its filing in state court.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Amend (Docket No. 41) is DENIED.  It is further

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 27, 33, and 34) are GRANTED.  Plaintiffs' Amended Complaint is dismissed without prejudice to its filing in state court.

The Clerk of the Court is directed to close this case forthwith.

DATED   April 11, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17]*Id*. at 728.

6