IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STICHTING MAYFLOWER MOUNTAIN FONDS and STICHTING MAYFLOWER RECREATIONAL FONDS, Netherlands associations,<br><br>        Plaintiffs,<br><br>vs.<br><br>PARK CITY MUNICIPAL CORPORATION, EAST WEST PARTNERS, and UNITED PARK CITY MINES CO., a Delaware corporation,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION<br><br><br><br>Case No. 2:05-CV-525 TS |

    This matter is before the Court on Plaintiffs' Motion for Reconsideration/Clarification. Plaintiffs seek reconsideration of the Court's finding that the reference to "district court" in a state statue[1] was a state district court, not a federal district court. Plaintiffs argue that the Court's decision to invoke the doctrine of abstention under *Burford*[2] requires the court to abstain from making this determination. For the reasons discussed below, the Court will deny the Motion.

---

[1] Utah Code Ann. §10-9a-801(2)(a).

[2] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

On April 11, 2006, the Court entered its Memorandum Decision and Order Denying Plaintiffs' Motion to Amend and Granting Defendants' Motion to Dismiss.[3]  In that Order, the Court invoked the doctrine of abstention under *Burford* and dismissed this case without prejudice to its filing in state court.[4]  In doing so, the Court analyzed Utah's Municipal Land Use Development and Management Act ("MLUDMA").[5]  The Court found that the state had set up a complex and comprehensive set of land use regulations under MLUDMA.[6]  The Court also found that MLUDMA established a process whereby an aggrieved party could file a petition for review with the "district court."[7]  The Court found "that the reference to 'district court' in this statute is to a state district court, not a federal district court."[8]

It is to this last sentence which Plaintiffs object.  Plaintiffs argue that abstention requires the Court to abstain from deciding any issues of state law and argues that the above-quoted sentenced should be clarified or stricken.  Defendants argue that the Court's April 11, 2006 Order was correct because the Court examined MLUDMA in order to balance the federal interest in retaining jurisdiction and the state's interest in maintaining jurisdiction over a matter of substantial local concern.

---

[3] Docket No. 64.

[4] *Id*. at 6.

[5] *Id*. at 5.

[6] *Id*.

[7] *Id*.

[8] *Id*.

The Court agrees with Defendants' position.  Under *Burford*, the Court must consider the federal interest in retaining jurisdiction and the state's interest in maintaining uniformity in the treatment of an essentially local problem.[9]  Part of this analysis necessitated consideration of the statutory scheme established by the state.  An important part of that statutory scheme was the process for review with the "district court," which was established by MLUDMA.  The Court's finding that the "district court" referred to in MLUDMA was a state district court, rather than a federal district court, was necessary under the analysis set out by *Burford* in order to establish that the state had set up a comprehensive set of land use regulations which included a method for review.

It is therefore

ORDERED that Plaintiffs' Motion for Reconsideration/Clarification (Docket No. 66) is DENIED.

DATED   May 22, 2006.

                                        BY THE COURT:

                                        _____
                                        TED STEWART
                                        United States District Judge

---

[9] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996).